O. Brandt Caudill, Jr. (Bar No. 88071)
bcaudill@ctsclaw.com
Christopher J. Zopatti (Bar No. 129497)
czopatti@ctsclaw.com
**CALLAHAN, THOMPSON, SHERMAN & CAUDILL, LLP**
2601 Main Street, Suite 800
Irvine, California 92614
Tel: (949) 261-2872
Fax: (949) 261-6060

Attorneys for Defendant,
**MIRIAM GALINDO, AND JORGE GALINDO FAMILY THERAPIST AND ASSOCIATES, INC.**

CTSC law — CALLAHAN THOMPSON SHERMAN & CAUDILL LLP

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

GABRIELLA BLACK,

Plaintiff,

v.

MAXIMILLIAN ZANCK AKA MAXIMILLIAN ELIJAH AKA DUSTIN BRYANT ZANCK BLACK, AKA MAX ZANCK, ASHLEY ZANCK, MIRIAM GALINDO, JORGE GALINDO FAMILY THERAPIST AND ASSOCIATES, INC., CAROLYN CATER NISHOMOTO, STACY KINNEY WHITE, KEITH DOLNICK, SALVADOR SARMIENTO, NATHAN VU, SUPERIOR COURT OF STATE OF CALIFORNIA, ORANGE COUNTY, JULIO ANGEL CAMINO

Defendants.

Case No.: 8:25-cv-01217-JLS-(RAO)

JUDGE: Hon. Josephine L. Staton
CTRM: 4A
COMPLAINT DATE: June 2, 2025

**DEFENDANT MIRIAM. GALINDO, AND JORGE GALINDO FAMILY THERAPIST AND ASSOCIATES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**Date: December 19, 2025**
**Time: 10:30 a.m.**
**Dept: Ctmr 4A, 8th Fl.**

DISCOVERY CUT OFF: NONE
MOTION CUT OFF: NONE
FSC DATE: NONE
TRIAL DATE: NONE

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 19, 2025 at 10:30 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, located at 411

CTSC law
CALLAHAN THOMPSON SHERMAN & CAUDILL LLP

West 4th Street, Santa Ana, California, Defendant MIRIAM GALINDO, AND JORGE GALINDO FAMILY THERAPIST AND ASSOCIATES, INC. ("Dr. Galindo"), will move the Court to dismiss this action pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) on the grounds that Plaintiff's First Amended Complaint ("FAC") fails to state a claim upon which relief can be granted.

Additionally, Plaintiff's FAC fails to comply with Federal Rules of Civil Procedure, Rule 8. In light of that failure, Dr. Galindo moves alternatively for a more definitive statement pursuant to Federal Rules of Civil Procedure, Rule 12(e).

**Meet and Confer Efforts**

Local Rule 7-3 requires as follows:

> "In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications under F.R.Civ.P. 65 for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference must take place at least 7 days prior to the filing of the motion. If the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include in the notice of motion a statement to the following effect: 'This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date).'"

In this case, as detailed in the accompanying Declaration of Edward L. Schumann, counsel for Dr. Galindo wrote to Plaintiff explaining the Rule, highlighting defects in the FAC, and requesting she contact Dr. Galindo's counsel to discuss the grounds for the motion. Plaintiff initially agreed to meet and confer but on further reflection acknowledged the FAC was defective and should be amended. Given that other Defendants have pending 12(b)(6) motions and Plaintiff has sought leave of the Court to file a Second Amended Complaint, and although Plaintiff stipulated to an additional 30 days to respond to the FAC, it was impossible to reach a resolution without the need for filing a motion before the time to file a responsive

pleading runs.

This motion will be based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the pleadings and papers filed herein, and upon such other oral and/or documentary evidence as may be presented at the hearing of this motion.

Respectfully submitted,

DATED: November 12, 2025

**CALLAHAN, THOMPSON, SHERMAN & CAUDILL, LLP**

By: /s/ *O. BRANDT CAUDILL, JR.*

O. Brandt Caudill, Jr.
Christopher J. Zopatti
Attorneys forDefendant,
**MIRIAM GALINDO, AND JORGE GALINDO FAMILY THERAPIST AND ASSOCIATES, INC.**

CTSC law
CALLAHAN THOMPSON SHERMAN & CAUDILL LLP

CTSC law CALLAHAN THOMPSON SHERMAN & CAUDILL LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is at least the second lawsuit arising out of an underlying family law case – *Black v. Black*, Orange County Superior Court Case No.: 14D000459. In that case, Christienne M. Black ("Christienne") experienced various adverse rulings with respect to visitation and custody of her children, apparently ultimately involving removal of the children from Christienne's custody and/or loss of visitation rights. Unfortunately, rather than accept responsibility for the rulings by the Family Law Court, Christienne sued various participants in the legal system including her attorney, the court appointed evaluator, and moving Defendants here, MIRIAM GALINDO, AND JORGE GALINDO FAMILY THERAPIST AND ASSOCIATES, INC. ("Dr. Galindo"). See Request for Judicial Notice, Exhibit "A", First Amended Complaint in Orange County Superior Court Case No.: 30-2020-01166993-CU-PO-CXC.

Given the fact that the civil lawsuit was essentially a collateral attack on the family law case, Dr. Galindo was successful in her anti-SLAPP Motion to Strike. See Request for Judicial Notice, Exhibit "B", Minute Order dated April 30, 2021.

Plaintiff GABRIELLA BLACK ("Plaintiff"), Christienne's daughter, now raises the same baseless allegations in a rambling 90 page, 400 plus paragraph FAC, again naming as defendants the participants in the family law case, including Dr. Galindo and other court-appointed therapists, judges, attorneys, and the Orange County Court itself. Almost as if written by her mother, Plaintiff renews claims of a conspiracy against Plaintiff and her mother (FAC, ¶ 2) while nonetheless attempting to distinguish her claims, by asserting,

> "Gabriella is not a disgruntled plaintiff coming into federal court because her mother lost her custody and she was forced to live with her father. She is coming to this court to obtain damages for the years of harm inflicted on her by her father aided and abetted by the other defendants which was possible because Judge Sarmiento violated her rights as a child while he repeatedly put her into the control of Cater,

Dr. Galindo, then White (Kinney) he had never selected and to whom he repeatedly turned over his core judicial functions." FAC, ¶ 11.

The FAC is fatally flawed in any number of ways. First, the FAC does not comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a "short and plain statement of the claim." Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." Second, individuals such as Dr. Galindo who participate in the judicial process, including persons providing child protective services, social workers, psychologists and psychiatrists, and therapists, are entitled to quasi-judicial immunity. Finally, the individual causes of action fail to state a claim upon which relief may be granted. Accordingly, Dr. Galindo respectfully request that the Court grant this Motion to Dismiss with prejudice.

## II. SUMMARY OF FACTS AND ALLEGATIONS

As noted above, Plaintiff alleges the case is the result of how she was treated by Defendant Hon. Judge SALVADOR SARMIENTO ("Judge Sarmiento"), and later Defendant Hon. Judge NATHAN VU ("Judge Vu"), in the underlying family law court (FAC, ¶ 11), and the failure of the Defendant Orange County Superior Court ("OCSC") to protect children involved in family law disputes. *Id.* at ¶¶ 4 & 7. The allegations are a rambling jumble of accusations, grievances and conspiracy theories taking place roughly between 2017 and 2020.

With respect to Dr. Galindo, who Plaintiff acknowledges was a licensed California psychologist (*Id.* at ¶ 22), Plaintiff generally alleges Dr. Galindo participated in a conspiracy among the family law actors to deprive Christienne of custody of her children. E.g., FAC, ¶¶ 2, 7, 30, 49. Indeed, all of the alleged wrongful conduct took place in connection with the family law case. For example, Plaintiff alleges Dr. Galindo was appointed as therapist for the children on May 28, 2018 pursuant to an order by Judge Sarmiento issued on May 16, 2018. *Id.* at ¶ 110. Plaintiff also alleges Judge Sarmiento ordered Dr. Galindo to prepare a report regarding visitation issues. Id. at ¶ 152. Dr. Galindo submitted a custody evaluation to the court



CTSC law CALLAHAN THOMPSON SHERMAN & CAUDILL LLP

on September 30, 2019, "filled with lies, speculation, inadmissible hearsay." *Id.* at ¶ 200.

The FAC is a jumble of the following seven causes of action containing sub-causes of action/legal theories: (1) Child Abuse Based On Torts And Crimes Which Include: A. Intentional Infliction Of Emotional Abuse; B. Fraud And Forgery; C. Assault And Battery; D. Denial Of Right To Family Relationship; E. Misdemeanor Failure To Make A Mandated Report; F. Defamation; G. Conspiracy; H. Interference with Therapist/Patient Relationship; I. Child Endangerment; J. False Imprisonment and Attempted False Imprisonment; K. Extortion; (2) Fourteenth Amendment, Denial Due Process and Equal Protection; (3) Conspiracy to Deprive Plaintiff of Her Rights to Attend Court and to Obstruct Justice (42 U.S.C. Sec 1985) (4) First Amendment: A. Denial of Free Speech; B. Denial of Freedom of Association; C. Denial of Access to the Courts to Redress Grievances; (5) False Advertising (Ca Busi & Prof Code Sec. 17500); (6) Discrimination Based on Age, Personal Appearance, Medical Disability (Unruh Act, Civ. C. Sec. 51); (7) Disability Discrimination; Failure To Protect From D.V.

## III. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. In order survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 544. A claim has facial plausibility, "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal* (2009), 556 U.S. 662, 678. "A complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claim made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v.*

CTSC law CALLAHAN THOMPSON SHERMAN & CAUDILL LLP

*Southfield Bd. Of Educ*., 570 F.App'x 485, 487 (6th Cir. 2014). "[M]ere conclusions couched in factual allegations are not sufficient to state a cause of action." *Harris v. City of Santa Clara* (N.D.Cal. Dec. 10, 2009, No. C 09-01169 JW) 2009 U.S.Dist.LEXIS 147065, at *6.

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief". FRCP, Rule 8(a)(2). Rule 8 goes hand in hand with FRCP Rule 12(e) which allows a party to move for a more definitive statement where the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." "Pursuant to Federal Rule of Civil Procedure 12(e), the court is authorized to convert a Rule 12(b)(6) motion to dismiss into a motion for a more definite statement under Rule 12(e). [Citations.]" *Luna-Reyes v. RFI Constr., LLC* (M.D.N.C. 2014) 57 F. Supp. 3d 495, 504.

While pro se litigants are held to less rigid pleading standards than attorneys, "those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dept. of Navy* (9th Cir. 1995) 66 F.3d 193, 199. If a Plaintiff fails to state a claim, a court need not permit an attempt to amend the complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv., Inc.* (9th Cir. 1990), 911 F. 2d 242, 247.

If a Plaintiff fails to state a claim, a court need not permit an attempt to amend the complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv., Inc.* (9th Cir. 1990), 911 F. 2d 242, 247.

///

///

///



CTSC law CALLAHAN THOMPSON SHERMAN & CAUDILL LLP

CTSC law
CALLAHAN THOMPSON SHERMAN & CAUDILL LLP

## IV. LEGAL ARGUMENT

### A. The FAC is Fatally Convoluted and Unnecessarily Verbose

As stated above, the FAC does not comply with the Rule 8 requirement that a pleading must be simple, concise, and direct and contain a short and plain statement of the claim showing that the pleader is entitled to relief.

In *Novak v. Dedman*, No. CV 18-08118-PCT-DWL (CDB), 2019 U.S. Dist. LEXIS 245368, at *3-4 (D. Ariz. Aug. 1, 2019), the Arizona District Court summarized:

> "A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a 'short and plain statement of the claim' may be dismissed for failure to satisfy Rule 8(a). [Citations.] The Court will not comb through Plaintiff's 63-plus paragraphs to determine which allegations support each claim. See *Ferrell v. Durbin*, 311 Fed. App'x 253, 259 (11th Cir. 2009) ("In shotgun style pleading, the complaint incorporates all of the general factual allegations by reference into each subsequent claim for relief. Neither this Court nor the district court is required to parse the complaint searching for allegations of misrepresentations that could conceivably form the basis of each of Appellants' claims."); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ('[J]udges are not like pigs, hunting for truffles buried in briefs.' (quoting *United States v. Dunkel*, 927 F.2d 955 (7th Cir. 1991))). It is not the responsibility of the Court to review a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims."

Similarly, in the present case, the FAC stretches out over almost 100 pages with rambling allegations of conspiracies and mistreatment of Plaintiff and her mother in the Orange County Family Law Court. The FAC is anything but simple, short or concise, instead alleging treatises on the allegedly abusive relationship between Plaintiff and her siblings with their father and expositions on the shortcomings of the family law court. At page 69, the FAC begins alleging the confusing first cause of action for child abuse, comprised of 11 sub-claims. Dr. Galindo simply cannot weed

through the mass of allegations and determine upon which Plaintiff's causes of action are based.

Adding to the confusion, the FAC is a shotgun pleading, incorporating the first **254** paragraphs into each cause of action regardless of relevance. In *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, (11th Cir. 2010), the 11th Circuit noted that shotgun pleadings have been condemned,

> "in a series of cases stretching back at least as far as *Pelletier v. Zweifel*, 921 F.2d 1465, 1517-18 (11th Cir. 1991) (describing such pleadings as 'replete with factual allegations that could not possibly be material to any of the causes of action they assert') . . . Shotgun pleadings impede the administration of the district courts' civil dockets in countless ways. The district court, faced with a crowded docket and 'whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials.' [Citation.] It is therefore left to this court to sort out on appeal the meritorious issues from the unmeritorious ones, resulting in 'a massive waste of judicial and private resources; moreover, 'the litigants suffer, and society loses confidence in the court[s'] ability to administer justice.' ' [Citation.]" *Id.* at p. 806 n.4.

At a minimum, the FAC should be dismissed pursuant to FRCP Rule 12(e) for a more definitive statement so that Defendants, including Dr. Galindo, may ascertain the nature of the claim(s) being asserted and reasonably prepare a response. Much like the present case, in *McHenry v. Renne*, *supra* 84 F.3d 1172 (9th Cir. 1996), the Ninth Circuit affirmed a district court's dismissal of a complaint consisting of a "rambling" narrative containing "immaterial background information," and "storytelling or political griping," in which each claim for relief incorporated 122 paragraphs of confused factual allegations and then made "'perfunctory reference to a legal claim said to arise from these undifferentiated facts.'" *Id.* at 1176-77. Here, the FAC is over three times as long as that in *McHenry v. Renne*, and suffers from the same defects multiplied. As stated in *Jacobson v. Schwarzenegger*, 226 F.R.D. 395, 397 (C.D. Cal. 2005) "[n]either the court nor the defendants should be compelled to



CTSC law CALLAHAN THOMPSON SHERMAN & CAUDILL LLP

cull through pages of rambling narrative, argument and needless digression to discover the factual bases for the plaintiffs' claims."

**B. Plaintiff's Claims Against Dr. Galindo Are Barred by the Doctrine of Quasi-Judicial Immunity**

Acts committed in the performance of an integral part of the judicial process have been held are immune from liability for damages under the doctrine of quasi-judicial immunity. The immunity "has been applied to those connected with the judicial process such as (1) mediators, guardians ad litem, therapists, receivers, bankruptcy trustees and other persons appointed by the courts for their expertise and (2) persons whose work product comes into the judicial process to be used by the court even though they were not court-appointed, such as social workers and probation department employees. [Citation.] Persons performing functions intertwined with the litigation process are considered an arm of the judicial office, and are protected from having to litigate the manner in which they performed their delegated tasks. [Citation.]" *Putman v. State Bar of Cal.*, No. SACV 08-625-DSF(CW), 2010 U.S. Dist. LEXIS 80283, at 24-25 (C.D. Cal. June 25, 2010); See also, *Fotinos v. Fotinos*, No. C 12-953 CW, 2013 U.S. Dist. LEXIS 40647, at 4 (N.D. Cal. Mar. 22, 2013) [holding children's court-appointed counsel and reunification therapist for plaintiff and her children entitled to quasi-judicial immunity].

For example, in *Lim v. Miller*, No. 1:21-cv-01734-DAD-BAM, 2022 U.S. Dist. LEXIS 152122, (E.D. Cal. Aug. 23, 2022), the Eastern District held the defendant, a court-assigned psychologist for a minor child, was "entitled to immunity, particularly related to her actions in providing reports and testimony to the court." *Id.* at pp. 11-12; citing *Karkanen v. California*, No. 17-CV-06967-YGR, 2018 U.S. Dist. LEXIS 135536, 2018 WL 3820916, at *7 (N.D. Cal. Aug. 10, 2018 "(concluding defendant immune for making custody recommendations as part of her duties as a family court mediator and custody recommending counselor)".

CTSC law
CALLAHAN THOMPSON SHERMAN & CAUDILL LLP

Likewise, in *Deluz v. Cohen*, No. CIV S-10-0809 GEB DAD PS, 2011 U.S. Dist. LEXIS 16285, (E.D. Cal. Feb. 16, 2011), the District Court granted motions to dismiss for failure to state a claim, without leave to amend, and declined to exercise supplemental jurisdiction over plaintiff's state law claims. The Court provided a lengthy summary of the factual allegations which are reiterated in large part here due to their similarity to the instant case.

In *Deluz*, the plaintiff alleged:

> "The deprivation of plaintiff's rights occurred in a contested custody proceeding in which plaintiff was accused of parental alienation (Id. ¶¶2-3); after the parties to the proceeding were ordered to participate in an evaluation by a Family Court Services mediator, defendant Federick S. Cohen was appointed by the Superior Court as counsel for the parties' two minor children (Id. ¶¶ 4-5); defendant Stilley was ordered by the court, on the recommendation of defendant Cohen, to supervise visitation between plaintiff and her children."

Plaintiff also alleged that:

"Defendant Cohen did not conduct an investigation, review court record, interview the parties with the minor children, or conduct home inspections, but nonetheless recommended that custody be awarded to the children's father despite a history of domestic violence in the relationship between the children's parents, as well as emotional abuse and neglect by the father during visitation; defendant Cohen deliberately led the court, court mediators, and plaintiff to believe that he had conducted a thorough investigation, and falsified court records; the court trusted defendant Cohen, as minors' counsel, to have the children's best interests in mind and therefore accepted and followed his recommendation to change custody of the children; since the change of custody, the minor children have been repeatedly physically and emotionally abused by their father; plaintiff has very little visitation time with the children; plaintiff was questioned repeatedly by defendant Stilley each time there was a visitation, and plaintiff therefore trusted Ms. Stilley to write a favorable report in the best interest of the minor children regarding the abuse described to plaintiff by the children, but defendant Stilley instead used the information against plaintiff in her report; plaintiff requested that supervised visitation be moved to a new



CTSC law CALLAHAN THOMPSON SHERMAN & CAUDILL LLP

facility because defendant Stilley is incompetent and plays solitaire on her computer during supervised visits, but defendant Cohen refused to allow a change; plaintiff has been deprived of her parental rights and is alienated from her children. In her statement of jurisdiction, plaintiff further alleges that defendants deprived her of rights guaranteed by the First and Fifth Amendments as well as the Fourteenth Amendment of the U.S. Constitution." *Id.* at pp. 3-6 [quote shortened where available; internal quotes omitted].

After again noting that "federal courts have held that quasi-judicial immunity may extend to persons providing child protective services, social workers, psychologists and psychiatrists, therapists, and others" (*Id.* at p. 17), the court held Stilley and her supervisor demonstrated that they were entitled to quasi-judicial immunity based on the court-ordered functions they performed relative to plaintiff and her children. Defendants' motion to dismiss should therefore be granted. *Id.* at p. 19.

In the present case, despite the prolix and rambling allegations, the gist of claims against Dr. Galindo support application of quasi-judicial immunity. All of the alleged wrongful conduct is asserted to have taken place in connection with the family law case. Plaintiff generally alleges Dr. Galindo participated in a conspiracy among the family law actors to deprive Christienne of custody of her children. E.g., FAC, ¶¶ 2, 7, 30, 49. Plaintiff specifically alleges Dr. Galindo was appointed as therapist for the children on May 28, 2018 pursuant to an order by Judge Sarmiento issued on May 16, 2018. Id. at ¶ 110. Plaintiff also alleges Judge Sarmiento ordered Dr. Galindo to prepare a report regarding visitation issues. Id. at ¶ 152. Dr. Galindo submitted a custody evaluation to the court on September 30, 2019, "filled with lies, speculation, inadmissible hearsay." Id. at ¶ 200. This is exactly the type of alleged conduct entitled to immunity under well-established authority referenced above.

## V. CONCLUSION

Defendants are dubious that granting leave to amend would result in a cognitive federal claim. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *California Architectural Bldg. Prods. v. Franciscan*

CTSC law CALLAHAN THOMPSON SHERMAN & CAUDILL LLP

*Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1988). See also, *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments).

For the foregoing reasons, Dr. Galindo respectfully requests the Court dismiss Plaintiff's FAC with prejudice and without leave to amend pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6). Alternatively, Dr. Galindo requests the Court dismiss Plaintiff's FAC and order a more definitive statement pursuant to Federal Rules of Civil Procedure, 12(e) in compliance with Rule 8.

Respectfully submitted,

DATED: November 12, 2025

**CALLAHAN, THOMPSON, SHERMAN & CAUDILL, LLP**

By: /s/ *O. BRANDT CAUDILL, JR.*
O. Brandt Caudill, Jr.
Christopher J. Zopatti
Attorneys forDefendant,
**MIRIAM GALINDO, AND JORGE GALINDO FAMILY THERAPIST AND ASSOCIATES, INC.**



CTSC law
CALLAHAN THOMPSON SHERMAN & CAUDILL LLP