Michael H. Myers
Texas Bar No. 24032779
Myers Law Firm
7550 Yellowstone Drive
Frisco, Texas 75033
Telephone: (972) 809-9979
Email: michael@mhmyerslaw.com

**ATTORNEY FOR MAXIMILLIAN ZANCK AND ASHLEY ZANCK**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **GABRIELLA BLACK,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MAXIMILLIAN ZANCK, et al.,**<br><br>**Defendants.** | **Case No. 8:25-cv-01217-JLS-RAO**<br><br>**NOTICE AND MOTION TO DISMISS PURSUANT TO RULES 8, 9(b), 12(b)(1), 12(b)(6), OR, IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>**Date: December 19, 2025**<br>**Time: 10:30 a.m.**<br>**Crtrm: 590**<br><br>[*Filed contemporaneously with Proposed Order*]<br><br>**Trial Date: None Set** |

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendants MAXIMILLIAN ZANCK ("M. ZANCK") and ASHLEY ZANCK ("A. ZANCK") hereby submit this Motion to Dismiss Pursuant to Rules 8,

9(b), 12(b)(1), and 12(b)(6), or, in the alternative, Motion for More Definite Statement Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure (the "Motion"), and in support of said Motion would respectfully show the Court as follows:

## I. BACKGROUND

1. This case was initiated by Plaintiff GABRIELLA BLACK ("BLACK") filing her Original Complaint on June 2, 2025.

2. BLACK then filed her First Amended Complaint on September 18, 2025 (the "Complaint"). In the Complaint, BLACK alleges various claims action against M. ZANCK and A. ZANCK, including: (a) intentional infliction of emotional distress; (b) fraud; (c) forgery; (d) assault and battery; (e) denial of right to family relationship; (f) defamation; (g) interference with therapist-patient relationship; (h) false imprisonment and attempted false imprisonment; (i) extortion; (j) denial of due process and equal protection; (k) conspiracy to deprive BLACK of equal protection of the law and access to the Court; and (l) denial of free speech, free association and meaningful access to the Court.

3. In response to said Complaint, M. ZANCK and A. ZANCK (hereinafter collectively referred to as the "ZANCKS") file this Motion pursuant to Rules 8, 9(b), 12(b)(1), 12(b)(6), and 12(e) of the Federal Rules of Civil Procedure.

4. The ZANCKS do not concede that any of BLACKS' allegations are true except for the purposes of this Motion.

## II. MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT

### Fed. R. Civ. P. 12(b)(6): Motion to Dismiss for Failure to State a Claim

5. Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss brought under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action" such that the factual allegations "raise a right to relief above the speculation level." *Id.* at 555 (citations and internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(reiterating that "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

6. "Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'" *Eclectic Props. E., LLC v. Marcus &*

*Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014)(quoting *Iqbal*, 556 U.S. at 679). "First, to be entitled to the presumption of truth, allegations in a complaint … must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id.* at 996 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "Second, the factual allegations are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* (quoting *Starr*, 652 F.3d at 1216); *see also Iqbal*, 556 U.S. at 681.

7. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. 544, 556 (2007)). "'Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" *Eclectic Props. E., LLC*, 751 F.3d at 996 (quoting *Iqbal*, 556 at U.S. 678).

8. In *Sprewell v. Golden State Warriors*, the Ninth Circuit described legal standards for motions to dismiss made pursuant to Rule 12(b)(6):

> "Review is limited to the contents of the complaint. All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or

> by exhibit. Nor is the court required to accept allegations as true that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."

266 F.3d 979, 988 (9th Cir. 2001)(citations omitted).

**a. <u>The Title 42 U.S.C. §1983 Claims</u>**

9. Title 42 U.S.C. §1983 provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States. To state a claim under §1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or the laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part on other grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

10. The traditional definition of acting under color of state law requires that the defendant in a §1983 action exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326 (1941). To constitute state action, "the deprivation must be caused by the exercise of some right or privilege created by the State … or by a person for whom the State is responsible," and "the party

charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 457 U.S. 922, 937 (1982).

11. On page 79 of the Complaint, BLACK alleges a claim for "Denial of Due Process and Equal Protection." On page 83 of the Complaint, BLACK alleges a claim for "Denial of Free Speech, Free Association, and Meaningful Access to the Court." Both of these claims appear to be claims made under Title 42 §1983.

12. In support of her claim for "Denial of Due Process and Equal Protection" against the ZANCKS, BLACK merely alleges: "Defendants interfered with Gabriella's close and loving relationship with her mother by forcing her to visit her abusive father who had abused her for years and continued to do so." There is no allegation that either M. ZANCK and/or A. ZANCK were acting "under the color of law" and/or a "state actor" when this alleged deprivation of her rights occurred.

13. In support of her claim for "Denial of Free Speech, Free Association, and Meaningful Access to the Court" against the ZANCKS, Black merely alleges that: (a) she had a free speech right guaranteed under the First Amendment to report her father's ongoing abuse and not suffer abuse, attacks, defamation, gas lighting, insults slurs, body shaming as Gabriella did from the defendants"; and (b) she "had a right of free association to choose to live with her mother and not to have contact with her abuser father." Once again, there is no allegation that either M. ZANCK

and/or A. ZANCK were acting "under the color of law" and/or a "state actor" when this alleged deprivation of rights occurred.

14. Moreover, not only is there not an allegation that M. ZANCK and/or A. ZANCK were acting "under the color of law" and/or a "state actor" there can never be such an allegation. M. ZANCK as an individual party to a judicial proceeding and A. ZANCK as an individual who is simply married to an individual party (M. ZANCK) to a judicial proceeding lack the capacity to act "under the color of law." Neither M. ZANCK nor A. ZANCK are or have been employed by any State, much less the State of California, in any capacity.

15. "[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). It is for these reasons BLACK has failed to plead a cause of action upon which relief can be granted and the ZANCKS respectfully request the Court grant this Motion and Dismiss BLACK's claims for "Denial of Due Process and Equal Protection" and "Denial of Free Speech, Free Association, and Meaningful Access to the Court" with prejudice.

**b. <u>The Title 42 U.S.C. §1985 Claim</u>**

16. On page 82 of the Complaint, BLACK alleges a claim for "Conspiracy to Deprive Gabriella of Equal Protection of the Law and to Deprive Her from Access to the Court." In support of her claim she alleges: "[t]he defendants conspired by

intimidating and threat [sic] to deter Gabriella from testifying or disclosing the abuse Zanck had inflicted on her to the judge by repeatedly attacking Christienne as an alienator without any evidence that the children were lying about Zanck's abuse"; "Zanck and Dolnick kept the pressure on Christienne and the children by sending the deputies to enforce void and repealed orders of custody"; and "Defendants '… injured [Gabriella] in [her] person … on account of [her] having so attended or testified, and Defendants ' … conspired for the purpose of impeding, hindering, obstructing, or defeating, … , the due course of justice … with the intent to deny to [Gabriella] the equal protection of the laws."

17. In the Complaint, BLACK does not allege that she is a member of a protected class. In *Kush v. Rutledge*, the U.S. Supreme Court explained "[i]n explaining why that holding (*Griffin v. Breckenridge*, 403 U.S. 88 (1971)) would not create an open-ended federal tort law applicable 'to all tortious, conspiratorial interferences with the rights of others' … we expressly stated, 'The language requiring intent to deprive *equal* protection, or *equal* privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all.'" 460 U.S. 719. 725-26 (1983)(quoting *Griffin v. Breckenridge*, 403 U.S. 88 (1971)).

18. The US Supreme Court explained further that "[t]he second part of § 1985(2) applies to conspiracies to obstruct the course of justice in state courts, and the first part of § 1985(3) provides a cause of action against two or more persons who 'conspire or go in disguise on the highway or on the premises of another.' Each of these portions of the statute contains language requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws. *Id.* at 725. Further, the claim BLACK makes relates to a state court proceeding in California, not a federal court proceeding.

19. BLACKS' Complaint relates to her alleged deprivation of rights related to a state court proceeding in California and is devoid of any allegation that she is a member of any protected class, and therefore, BLACK has failed to plead a cause of action upon which relief can be granted and the ZANCKS respectfully request the Court grant this Motion and dismiss BLACKS claim for "Conspiracy to Deprive Gabriella of Equal Protection of the Law and to Deprive Her from Access to the Court" with prejudice.

**c. <u>The Extortion Claim</u>**

20. The elements of extortion are: (1) a wrongful use of force or fear, (2) with the specific intent to induce the victim to part with his or her property. *See* Cal. Pen. Code, §518; *see also People v. Hesslink*, (1985) 167 Cal.App.3d 781, 789.

21. BLACK's Complaint is devoid of any facts describing how the ZANCKS used wrongful force or fear to extort BLACK.

22. BLACK's Complaint is devoid of any facts describing the property the ZANCKS were allegedly seeking to have BLACK part with.

23. Further, the alleged facts in BLACK's Complaint detail extortion directed towards her mother Christienne and not BLACK.

24. For the following reasons, BLACK has failed to plead a cause of action upon which relief can be granted and the ZANCKS respectfully request the Court grant this Motion and dismiss BLACK's claim for extortion with prejudice.

**d. Intentional Infliction of Emotional Abuse Claim**

25. The elements of intentional infliction of emotional distress are: (1) outrageous conduct; (2) intention of causing, or reckless disregard of the probability of causing emotional distress; (3) severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *See Girard v. Ball* (1981) 125 Cal.App.3d 772, 786.

26. BLACK's Complaint is devoid of any facts describing any "outrageous conduct" on behalf of A. BLACK.

27. Moreover, BLACK's allegations of outrageous conduct all relate to actions that were taken within the context of a California state court judicial proceeding. BLACK alleges "Defendants' pattern of conspiracy with judges to

deprive Gabriella of her rights, including but not limited to, the companionship of her mother and her brothers, her right to a choice of therapist, her right to be free of domestic violence, her right of free association and free speech, and to defame her, interfere with her medical care, and force her to visit her abusive father … ." *See* Complaint pp. 69-70. None of these acts constitute outrageous conduct, especially in light of the fact that the acts were taken in relation to a California state court divorce proceeding.

28. For these reasons, BLACK has failed to plead a cause of action upon which relief can be granted and the ZANCKS respectfully request the Court grant this Motion and dismiss BLACK's claim for intentional infliction of emotional distress.

**e. <u>Fraud Claim</u>**

29. It is important to note that BLACK admits she was a minor when the acts giving rise to her claims occurred. *See* Complaint, p. 10, ¶15.

30. BLACK alleges that the ZANCKS committed fraud by failing to disclose certain unspecified information. Because California recognizes both fraud by nondisclosure and fraud by concealment, this Motion will address those claims instead of BLACK's claim of simple fraud. The essential elements of a claim of fraud by nondisclosure are: (1) nondisclosure by the defendant of facts materially affecting the value or desirability of the property; (2) Defendant's knowledge of such

facts and of their being unknown to or beyond the reach of plaintiff; (3) defendant's intention to induce action by the Plaintiff; (4) inducement of the Plaintiff to act by reason of the nondisclosure; and (5) resulting damages. *Continental Airlines, Inc. v. McDonnell Douglas Corporation* (1990) 216 Cal.App.3d 388, 803 (internal citations omitted). BLACK's Complaint does not identify the facts that the ZANCKS' failed to disclose, failed to identify the ZANCK's knowledge of the alleged facts, failed to identify how the ZANCKS intended to induce BLACK (at the time a minor), fails to identify the property whose value or desirability was materially affected by the nondisclosure of the facts by ZANCK, and what actions BLACK took evidencing that she was "induced" by the ZANCKS as a result of such nondisclosure.

31. Therefore, to the extent that BLACK's fraud claim is a claim of fraud by nondisclosure, BLACK has failed to plead a cause of action upon which relief can be granted and the ZANCKS respectfully request the Court grant this Motion and dismiss BLACK's claim of fraud with prejudice.

32. The essential elements for a claim for fraud based on concealment are: (1) the defendant must have concealed or suppressed a material fact; (2) the defendant must have been under a duty to disclose the fact to the plaintiff; (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact;

and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage. *Bank of America Corp. v. Superior Court* (2011) 198 Cal.App.4th 862, 870 (citing *Kaldenbach v. Mutual of Omaha Life Ins. Co.* (2009) 178 Cal.App.4th 830, 850; and *LiMandri v. Judkins* (1997) 52 Cal.App.4th 326, 336).

33. BLACK's Complaint does not describe the material fact that the ZANCKS concealed or suppressed.

34. BLACK's Complaint fails to identify the duty that either of the ZANCKS had to their *minor* daughter and/or step-daughter to disclose the concealed and/or suppressed material fact.

35. BLACK's Complaint fails to identify how the ZANCKS intended to defraud BLACK by suppressing or concealing the unidentified facts.

36. For these reasons, to the extent that BLACK's fraud claim is a claim of fraud by concealment, BLACK has failed to plead a cause of action upon which relief can be granted and the ZANCKS respectfully request the Court grant this Motion and dismiss BLACK's claim of fraud with prejudice.

**f. <u>Forgery Claim</u>.**

37. The elements of forgery are: (1) the intent to defraud; (2) making a false instrument by signing another's name without authority or the name of a fictious person, or knowingly uttering the same; and (3) the instrument on its face is capable of defrauding someone who might act upon it as genuine or the person in whose

name it is forged. *Wutzke v. Bill Reid Painting Service, Inc.* (1984) 151 Cal.App.3d 36, 41.

38. BLACK's Complaint is wholly devoid of A. ZANCK's involvement in her alleged forgery claim.

39. BLACK's Complaint also fails to describe how M. ZANCK made a false instrument by signing another's name without authority or in the name of a fictious person.

40. For these reasons, BLACK has failed to state a claim of forgery upon which relief can be granted and the ZANCKS respectfully request the Court enter an order dismissing BLACK's claim for forgery with prejudice.

**g. Claim of Violation of the Right to Familial Relationship**

41. In support of her claim of a "right to familial relationship," BLACK cites *Hardwick v. County of Orange*, 844 F.3d 1112 (9th Cir. 2017). In the *Hardwick* case, the 9th Circuit stated that "[p]arents and children have a well-elaborated constitutional right to live together without governmental interference. That right is an essential liberty interested protected by the Fourteenth Amendment's guarantee that parents and children will not be separated by the state without due process of law except in an emergency." (citing *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 2000).

42. BLACK's Complaint fails to identify any facts at all describing how A. ZANCK interfered with BLACK's familial relationship.

43. BLACK's Complaint fails to identify how the ZANCKS acted under the "color of law" and/or as "state agents."

44. BLACK's Complaint fails to identify how BLACK was deprived of due process as this alleged infringement upon her alleged rights occurred within the context of a judicial proceeding before a California state court.

45. Additionally, BLACK admits in her Complaint that she "was never taken from her mother … ." *See* Complaint p. 8, ¶8.

46. For these reasons, BLACK has failed to state a claim upon which relief can be granted and the ZANCKS respectfully request BLACK's claim for "Right to Family Relationship" with prejudice.

**h. <u>Claim for Defamation</u>.**

47. The essential elements of a claim for defamation are: (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage. *Wong v. Jing* (2010) 189 Cal.App.4th 1354, 1369.

48. BLACK's Complaint alleges that Defendant GALINDO and Defendant CATER authored reports accusing BLACK of being an alienator. *See* Complaint, p. 74. BLACK's Complaint also states that Defendant WHITE falsely alleged that

BLACK's "behavior and negativity is an on-going and chronic issue." *See* Complaint, p. 74-75.

49. BLACK's Complaint also claims that the ZANCKS adopted these false and defamatory statements of CATER, GALINDO and WHITE as their own. *See* Complaint, p. 75.

50. BLACK's Complaint is devoid of facts indicating that the ZANCKS published the alleged defamatory statements of CATER, GALINDO, and/or WHITE.

51. Defendant CATER is a licensed social worker who was appointed by a California state court. *See* Complaint, p. 10-11. Defendants GALINDO and WHITE are licensed psychologists who were also appointed by the California state court.

52. Courts often appoints experts to conduct analysis and provide their expert opinions. An opinion cannot be defamatory. "Under the First Amendment there is no such thing as a false idea." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339 (1974). "[S]tatements of opinion can never subject the speaker to liability for making a false and defamatory statement." *Doe v. Superior Court of L.A. County* (2016) 1 Cal.App.5th 1300, 1313.

53. Moreover, BLACK failed to provide the Court with the context of the alleged defamatory statements, but rather selected portions of a report(s) authored by CATER, GALINDO and/or WHITE. It is impossible for the Court to determine whether the statements are defamatory because BLACK has failed to provide the

Court with the context in which the alleged defamatory statements were made. "'In determining the meaning of a communication, words, whether written or spoken, are to be construed together with their context. Words which standing alone may reasonably be understood as defamatory may be so explained or qualified by their context as to make such an interpretation unreasonable. So too, words which alone are innocent may in their context clearly be capable of a defamatory meaning and may be so understood. The context of a defamatory imputation includes all parts of the communication that are ordinarily heard or read with it.... [T]he entire contents of a personal letter are considered as the context of any part of it because a recipient of the letter ordinarily reads the entire communication at one time.'" *Doe v. Superior Court*, 1 Cal.App.5th at 1313 (quoting Rest.2dTorts, § 563, com. d, p).

54. Moreover, the opinions of CATER, GALINDO and WHITE were made within the context of a judicial proceeding, and such communications are privileged. The California Supreme Court explained "'communications with `some relation' to judicial proceedings' are 'absolutely immune from tort liability' by the litigation privilege. *Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1057 (quoting *Rubin v. Green* (1993) 4 Cal.4th 1187, 1193).

55. Finally, BLACK fails to provide any facts surrounding how the ZANCKS adopted the statements of CATER, GALINDO, and/or WHITE in the Complaint. Further, to the extent the ZANCKS adopted the expert opinions of

CATER, GALINDO, and/or WHITE in a judicial proceeding, such an adoption is also protected by the litigation privilege. "The litigation privilege is codified in Civil Code section 47 (section 47): '[a] privileged publication or broadcast is one made … [i]n any … judicial proceeding … .'" *Rusheen*, (2006) 37 Cal.4th at 1057 (quoting Ca. Civ. Code § 47, subd. (b)).

56. For these reasons, BLACK has failed to state a claim upon which relief can be granted and the ZANCKS respectfully request BLACK's claim for defamation be dismissed with prejudice.

**i. Claim for Interference with Therapist/Patient Relationship**

57. BLACK's Complaint alleges that CATER, GALINDO, and WHITE interfered with BLACK's therapist/patient relationship with "Therapist Ruban at Laura's House." *See* Complaint, p. 76.

58. BLACK's Complaint alleges that she entered into a contract with Therapist Ruban at Laura's House. *See* Complaint, p. 75. However, BLACK admits that she was a minor at the time the events set forth in her Complaint occurred. *See* Complaint, p. 10, ¶15.

59. "Generally, 'all persons are capable of contracting, *except minors*, persons of unsound mind, and persons deprived of civil rights.'" *In re Marriage of Greenway* (2013) 217 Ca.App.4th 628, 641 (quoting Ca. Civ. Code §1556). To the extent BLACK's claim for "interference with therapist/patient relationship" is based

on the existence of a contract, BLACK has failed to plead a claim for which relief can be granted.

60. Neither the California Health and Safety Code nor the California Family Code provide BLACK with a constitutional right to therapy as alleged in her Complaint. *See* Ca. Health & Safety Code §124260; Cal. Fam. Code §6924. Both the California Health and Safety Code and the California Family Code provide that a minor *may* consent to mental health treatment under certain circumstances. *Id.* at §124260(b)(1); and §6924.

61. Further, a claim for "interference with therapist-patient relationship" is not a claim recognized by either U.S. or California laws.

62. For these reasons, BLACK has failed to state a claim upon which relief can be granted and the ZANCKS respectfully request BLACK's claim for defamation be dismissed with prejudice.

**Fed. R. Civ. P. 12(b)(1): Motion to Dismiss for Lack of Subject Matter Jurisdiction**

63. Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss a case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Federal Courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 257 (2013)(citation and internal quotation marks omitted); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)("The requirement that jurisdiction be

established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'")(citation and internal quotation marks omitted). Under Rule 12(b)(1), a defendant's challenge to subject matter jurisdiction may be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "accepts the truth of plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)(quoting *Safe Air for Everyone*, 373 F.3d at 1039).

64. Subject to the Motion to Dismiss for Failure to State a Claim, ZANCKS move to dismiss BLACK's Complaint as it heavily relies upon this Court's exercise of its supplemental jurisdiction. "[P]endant jurisdiction is a doctrine of discretion, not a Plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Of the 17 claims set forth in BLACK's Complaint, only 4 involve allegations related to a federal question.

65. Further, BLACK's claim of "interference with therapist-patient relationship" would require this Court to interpret California common law and create a new claim that does not currently exist in California statutes or common law.

66. Even in the unlikely event that BLACK's federal claims against the ZANCKS are not dismissed, BLACK's state law claims predominate over which

this Court has original jurisdiction, which favors a dismissal of the Complaint under Title 28 U.S.C.A. §1367(c)(2).

67. In the event that the Court dismisses BLACK's federal claims against the ZANCKS, dismissal of BLACK's remaining claims for lack of jurisdiction is favored under Title 28 U.S.C.A. §1367(c)(3).

68. "[A] a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353 (1988). All the factors in this case favor dismissal of BLACK's claims, including comity, due to the fact that BLACK's allegations arise from the results of a judicial proceeding that took place in California.

69. The ZANCKS also move to dismiss because BLACK lacks standing to bring a claim for extortion and fraud related to acts allegedly committed against her mother. "The 'irreducible constitutional minimum of standing' contains three requirements. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998)(quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992). "First and foremost, there must be an alleged (and ultimately proved) an 'injury in fact' – a harm suffered by the plaintiff that is 'concrete' and 'actual or imminent,' not 'conjectural or hypothetical.'" *Id.* (quoting *Whitmore v. Arkansas*, 495 U.S. 149

(1990)(internal citations omitted)). "Second, there must be causation – a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant." *Id.* (citing *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41-43 (1976)).

70. Simply stated, BLACK does not have standing for alleged acts of extortion and fraud committed against her mother Christienne. For this reason, ZANCKS request the Court enter an order dismissing BLACK's claim for extortion because BLACK lacks standing to bring these claims.

**Fed. R. Civ. P. 8 and 12(e): Motion to Dismiss or for More Definite Statement**

71. Under Rule 8 of the Federal Rules of Civil Procedure, BLACK's Complaint must include a "short and plain" statement of the grounds for jurisdiction, the claims presented, and the relief sought. *See Swierkiewicz v. Sorena*, 534 U.S. 506, 512 (2002). The ZANCKS are entitled to be given at least minimum notice of BLACK's claims. *See Vicom, Inc. v. Harbridge Merchant Servs.*, 20 F.3d 771, 775 (7th Cir. 1994).

72. Under Rule 12 of the Federal Rules of Civil Procedure, a motion for more definite statement is appropriate when the complaint is so unintelligible that a responsive pleading cannot be framed. *See Bureerong v. Uvawas*, 922 F.Supp. 1450, 1461 (C.D. Cal. 1996).

73. BLACK's Complaint alleges a claim against the ZANCKS for "intentional infliction of emotional abuse" but fails to aver any specific conduct perpetrated by M. ZANCK must less A. ZANCK. *See* Complaint p. 69-70.

74. BLACK's Complaint alleges a claim against A. ZANCK for forgery, but fails to allege any conduct taken by A. ZANCK related to the claim of forgery whatsoever. *See* Complaint p. 71-72.

75. BLACK's Complaint also alleges a claim against A. ZANCK for "right to family relationship," but fails to allege any conduct taken by A. ZANCK related to the claim of the "right to family relationship" whatsoever. *See* Complaint p. 72-73. Moreover, the Complaint is vague and ambiguous as to what acts each of the "Defendants" took in order to deprive BLACK of the "right to family relationship." *See* Complaint p. 72-73. It is also important to note that in her claim of "right to family relationship" BLACK alleges "Defendants goal was to deprive Gabriella of her family relationship with her mother and to force her into a relationship with Zanck who abused her physically and emotionally" but BLACK's Complaint admits that "Gabriella was never taken from her mother … ." *Compare* Complaint p. 73, ¶289 *with* Complaint p. 8, ¶8.

76. BLACK's Complaint alleges a claim for defamation against the ZANCKS but fails to allege any facts regarding what defamatory statements were

allegedly adopted by the ZANCKS and how the ZANCKS allegedly published such statements. *See* Complaint p. 74-75.

77. BLACK's Complaint alleges a claim for "interference with therapist/patient relationship" but is devoid of any facts describing how the ZANCKS "supported" the alleged interference of CATER, GALINDO, and/or WHITE. *See* Complaint p. 75-76.

78. BLACK's Complaint alleges a claim for "child endangerment" but alleges no facts related to how A. ZANCK participated in any acts of endangering BLACK. *See* Complaint p. 76-77.

79. BLACK's Complaint alleges a claim for "false and attempted false imprisonment" but alleges no facts related to how A. ZANCK participated in any acts of imprisoning or attempting to falsely imprison BLACK. *See* Complaint p. 77.

80. BLACK's Complaint alleges a claim for "extortion" but alleges no facts related to how the ZANCKS participated in any acts of extortion against BLACK. *See* Complaint p. 78.

81. ZANCKS move for the Court to enter an order dismissing these portions of BLACK's Complaint for failure to plead properly, or in the alternative, request the Court enter an order directing BLACK to amend her Complaint to make a more definite statement of her claims.

**Fed. R. Civ. P. 9(b): Motion to Dismiss for Failure to Plead Properly**

82. Rule 9(b) of the Federal Rules of Civil Procedure requires a plaintiff to plead a claim of fraud "with particularity." *See Cincinnati Life Ins. v. Beyrer*, 722 F.3d 939, 948 (7th Cir. 2013); *J. Geils Band Empl. Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1255 (1st Cir. 1996); and *U.S. v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir. 1997).

83. BLACK's Complaint alleges a claim of fraud against the ZANCKS but provide no detail regarding "what" facts the ZANCKS allegedly knew but did not disclose. BLACK's claim for fraud fails to identify the "who, what, when, where, and how" of the false representations that is required by Rule 9 of the Federal Rules of Civil Procedure. *See Cincinnati Life Ins.*, 722 F.3d at 948; and *U.S. v. Medco Health Solutions, Inc.*, 671 F.3d 1217, 1222 (11th Cir. 2021); *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

84. In the event BLACK argues that her claim of fraud is based in California law and not subject to federal pleading requirements, "[i]t is established law, in this circuit and elsewhere, that Rule 9(b)'s particularity requirement applies to state-law causes of action." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).

85. ZANCKS request the Court grant this Motion and dismiss BLACK's claim for fraud for failing to meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

## III. CONCLUSION

Defendants MAXIMILLIAN ZANCK and ASHLEY ZANCK respectfully pray that:

a. BLACK's claims for "Denial of Due Process and Equal Protection"; "Denial of Free Speech, Free Association, and Meaningful Access to the Court"; "Denial of Due Process and Equal Protection"; Extortion; "Intentional Infliction of Emotional Abuse"; Fraud; Forgery; "Violation of Right to Familial Relationship"; Defamation; and "Interference with Therapist/Patient Relationship" be dismissed with prejudice for failure to state a claim upon which relief can be granted;

b. BLACK's claims for "Intentional Infliction of Emotional Abuse"; Fraud; Forgery; Assault and Battery; Right to Familial Relationship; Misdemeanor Failure to Make Mandated Report; Defamation; Interference with Therapist/Patient Relationship; Child Endangerment; False and Attempted False Imprisonment; Extortion; and Discrimination Based on Age, Personal Appearance and Medical Disability are dismissed for lack of subject matter jurisdiction;

c. BLACK's claims for "Intentional Infliction of Emotional Abuse"; Forgery; Right to Familial Relationship; Defamation; "Interference with Therapist/Patient Relationship"; Child Endangerment; False and Attempted False Imprisonment; and Extortion are dismissed for failure to properly plead in accordance with Rule 8 of the Federal Rules of Civil Procedure;

d. BLACK's claim for fraud is dismissed for failure to properly plead in accordance with Rule 9(b) of the Federal Rules of Civil Procedure;

e. and for such other and further relief to which the ZANCKS have shown themselves entitled whether in law or in equity.

Dated: November 19, 2025

Respectfully submitted,

By: /s/*Michael H. Myers*

Michael H. Myers
Texas Bar No. 24032779
7550 Yellowstone Drive
Frisco, Texas 75033
Telephone: (972) 809-9979
Email: michael@mhmyerslaw.com

ATTORNEY FOR MAXIMILLIAN ZANCK AND ASHLEY ZANCK

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 19, 2025, a true and correct copy of this Motion was served on all parties and counsel of record in accordance with the Federal Rules of Civil Procedure.

/s/*Michael H. Myers*
Michael H. Myers

## CERTIFICATE OF COMPLIANCE UNDER LOCAL RULE 11-6

The undersigned hereby certifies that this Motion contains 5,759 words – as indicated via the word-count function of Microsoft Word – which complies with word limit of Local Rule 11-6.

DATED: November 19, 2025

**MYERS LAW FIRM**

/s/*Michael H. Myers*
Michael H. Myers

**ATTORNEY FOR DEFENDANTS MAXIMILLIAN ZANCK AND ASHLEY ZANCK**