SARAH L. OVERTON (CSB # 163810)
PAUL LEONIDAS LIN (CSB # 303231)
CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOCIATES, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Tel: (951) 276-4420
Fax: (951) 276-4405
PLin@cmdalaw.com

Attorneys for Defendant
Superior Court of California, County of Orange

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GABRIELLA BLACK,<br><br>Plaintiff,<br><br>v.<br><br>MAXIMILLIAN ZANCK, et al.,<br><br>Defendants. | CASE NO.: 8:25-cv-01217-JLS-RAO<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT;**<br><br>**DECLARATION OF PAUL L. LIN RE LOCAL RULE 7-3 [Filed concurrently]**<br><br>**[PROPOSED] ORDER**<br><br>Date : December 2, 2026<br>Time : 10:00 a.m.<br>Courtroom : 590, 5th Floor<br>Judge : Rozella A. Oliver |

TO PLAINTIFF GABRIELLA BLACK, PRO SE, AND TO ALL PARTIES AND THEIR ATTORNEYS:

NOTICE IS HEREBY GIVEN that on December 2, 2026, at 10:00 AM, in Courtroom 590 of the above referenced court located at 255 E. Temple St., Los Angeles, California, Defendant the Superior Court of California, County of Orange,

will and hereby does move this court pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1) and (6) for dismissal of the First and Second Causes of Action of the Second Amended Complaint ("SAC") on the following grounds:

1. The District Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, because the claims seek relief premised on the invalidity of the Superior Court's orders;
2. The First Cause of Action is barred by the Eleventh Amendment, because Congress did not validly abrogate the Superior Court's sovereign immunity as to the conduct alleged; and
3. The First and Second Causes of Action fail to state a claim upon which relief can be granted.

This motion is based upon this notice of motion, the attached memorandum of points and authorities, and the declaration of Paul L. Lin filed concurrently, all pleadings and papers on file in this action, and upon such other matters as the court may allow to be presented at the time of the hearing on this matter.

Pursuant to Rule 7-3, this motion follows the unsuccessful conference with Plaintiff on October 15, 2026, thereby necessitating this motion.

Dated: October 22, 2026

**CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOC., P.C.**

By: /s/ Paul Leonidas Lin
Sarah L. Overton, Esq.
Paul Leonidas Lin, Esq.
Attorneys for Defendant
Superior Court of California,
County of Orange

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ........ iii
TABLE OF AUTHORITIES ........ iv
MEMORANDUM OF POINTS AND AUTHORITIES ........ 1
I. INTRODUCTION ........ 1
II. THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION PURSUANT TO THE *ROOKER-FELDMAN* DOCTRINE ........ 2
III. THE FIRST CAUSE OF ACTION IS BARRED BY THE ELEVENTH AMENDMENT ........ 3
IV. THE FIRST AND SECOND CAUSES OF ACTION FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ........ 5
V. LEAVE TO AMEND SHOULD BE DENIED ........ 8
VI. CONCLUSION ........ 8
CERTIFICATE OF COMPLIANCE ........ 10
PROOF OF SERVICE ........ 1

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

## TABLE OF AUTHORITIES

### CASES

*Allen v. Cooper*, 589 U.S. 248 (2020) .... 5

*Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858 (9th Cir. 2016) .... 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .... 7

*Barnes v. Gorman*, 536 U.S. 181 (2002) .... 10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .... 6

*Bianchi v. Rylaarsdam*, 334 F.3d 895 (9th Cir. 2003) .... 3

*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336 (9th Cir. 1996) .... 7

*Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083 (9th Cir. 2002) .... 10

*Clegg v. Cult Awareness Network*, 18 F.3d 752 (9th Cir. 1994) .... 7

*Dale v. Moore*, 121 F.3d 624 (11th Cir. 1997) .... 3

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) .... 2

*Duvall v. County of Kitsap*, 260 F.3d 1124 (9th Cir. 2001) .... 10

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005) .... 2

*Hooper v. Brnovich*, 56 F.4th 619 (9th Cir. 2022) .... 3, 4

*In re Anthony P.*, 84 Cal. App. 4th 1112 (2000) .... 8

*In re Marriage of James & Christine C.*, 158 Cal. App. 4th 1261 (2008) .... 8

*Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276 (9th Cir. 1983) .... 10

*Kohn v. State Bar of Cal.*, 119 F.4th 693 (9th Cir. 2024) .... 5

*Lance v. Dennis*, 546 U.S. 459 (2006) .... 4

*Munoz v. Superior Court of L.A. Cnty.*, 91 F.4th 977 (9th Cir. 2024) .... 4

*Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721 (2003) .... 5

*Noel v. Hall*, 341 F.3d 1148 (9th Cir. 2003) .... 2

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530 (9th Cir. 1984) .... 6

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) .... 2

*Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156 (9th Cir. 2003) .... 4

*T.M. v. Univ. of Maryland Med. Sys. Corp.*, 146 S. Ct. 1739 (2026) .... 3

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

*Tennessee v. Lane*, 541 U.S. 509 (2004) .......... 6, 9
*Troxel v. Granville*, 530 U.S. 57 (2000) .......... 6
*United States v. Georgia*, 546 U.S. 151 (2006) .......... 5
*Weinreich v. L.A. Cnty. Metro. Transp. Auth.*, 114 F.3d 976 (9th Cir. 1997) .......... 7, 8

**STATUTES**

28 C.F.R. § 35.130 .......... 7
29 U.S.C. § 794 .......... 1, 5, 6
42 U.S.C. § 12132 .......... 1, 5
Fed. R. Civ. P. 12 .......... 2, 5

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff Gabriella Black ("Plaintiff") brings this federal action as an impermissible collateral attack on the orders entered in her parents' state-court family law proceeding. Following this Court's September 7, 2026 Order (Dkt. 120), which dismissed every other claim against the Superior Court of California, County of Orange ("Superior Court") and granted leave to amend only the federal disability-discrimination claims, the Second Amended Complaint ("SAC") reasserts just two claims against the Superior Court: the First Cause of Action under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, and the Second Cause of Action under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Both arise from the custody evaluation, therapy, and visitation ordered in *Black v. Black*, Orange County Superior Court No. 14D000459, and both seek only compensatory and nominal damages. (SAC ¶¶ 55-66; Prayer ¶ a.)

Despite their disability-law labels, both claims ask this Court to review and undo the substance of the Superior Court's adjudicative orders. and They fail on independent and dispositive grounds. First, this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, because Plaintiff's claims can succeed only if the Superior Court's orders were wrongly entered, which she alleges are "void on [their] face" and were entered without authority. Second, the Eleventh Amendment bars the Title II claim, because Congress did not validly abrogate the Superior Court's sovereign immunity for conduct outside the narrow class of court-access cases. Third, neither claim states a cause of action, because Title II and Section 504 govern access to and participation in a public entity's programs, not the substance of a court's adjudicative determinations. Because these defects are structural and cannot be cured by a third amendment, the First and Second Causes of Action should be dismissed with prejudice and without leave to amend.

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

## II.

## THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION PURSUANT TO THE *ROOKER-FELDMAN* DOCTRINE

A party may bring a motion to dismiss where there is a "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). A federal district court is a court of original jurisdiction only; it has no authority to review, reverse, or set aside the orders of a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). The *Rooker-Feldman* doctrine accordingly bars suits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The bar reaches any claim that "asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). "If the injury alleged resulted from the state court judgment itself, *Rooker-Feldman* directs that the lower federal courts lack jurisdiction." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003). The doctrine is triggered where "the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Hooper v. Brnovich*, 56 F.4th 619, 625 (9th Cir. 2022). It applies regardless of whether the challenged order is a final judgment of the State's highest court. *T.M. v. Univ. of Maryland Med. Sys. Corp.*, 146 S. Ct. 1739, 1741 (2026). And the federal character of Plaintiff's statutory theory does not avoid the bar: the Americans with Disabilities Act does not supply an independent basis of jurisdiction that overrides *Rooker-Feldman*. *Dale v. Moore*, 121 F.3d 624 (11th Cir. 1997).

Here, Plaintiff's claims depend on, and seek recovery premised on, the invalidity of the Superior Court's orders. She alleges that the May 16, 2018 and December 20, 2018 orders "impermissibly delegat[ed] judicial authority," that the

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

December 20, 2018 stipulation "appears void on its face," and that the Superior Court lacked lawful authority to order the services she received. (SAC ¶¶ 30, 33, 35.) Her theory of injury is that she was wrongly ordered into the "Court-Forced Therapy Program" and into visitation with her father, which is to say that those orders should not have been entered. (SAC ¶¶ 37, 49-52.) To award the relief she seeks, this Court would first have to conclude that the Superior Court's orders were improperly entered and are void. That is the paradigmatic de facto appeal that *Rooker-Feldman* forbids. *Bianchi*, 334 F.3d at 901; *Hooper*, 56 F.4th at 625.

Plaintiff cannot avoid the doctrine on the ground that she was not a named party to *Black v. Black*. *Rooker-Feldman* does not bar a stranger who merely stands in privity with a state-court loser. *Lance v. Dennis*, 546 U.S. 459, 466 (2006). But Plaintiff is no stranger to the orders she attacks: she was the minor whom the Superior Court ordered into the evaluation, the therapy, and the visitation, and whose conduct those orders governed, and she now asks this Court to treat those very orders as void. Where a plaintiff seeks relief premised on the invalidity of specific state-court orders to which she was subject and whose commands she was required to obey, the concern animating *Rooker-Feldman*, that a lower federal court not sit in review of a state court's orders, is directly implicated. In any event, as shown below, the claims independently fail on immunity and on the merits. Because the *Rooker-Feldman* defect is jurisdictional, it cannot be cured by amendment.

## III.

## THE FIRST CAUSE OF ACTION IS BARRED BY THE ELEVENTH AMENDMENT

The Superior Court is an arm of the State of California and is immune from suit for damages in federal court absent a valid abrogation of that immunity or the State's consent. *Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Munoz v. Superior Court of L.A. Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024); see *Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 864-

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

65 (9th Cir. 2016). Plaintiff seeks only compensatory and nominal damages against the Superior Court (SAC ¶¶ 62, 66; Prayer ¶ a), relief the Eleventh Amendment bars unless Congress validly abrogated immunity as to the conduct she alleges.

Abrogation of Eleventh Amendment immunity is valid only where Congress acts pursuant to a valid exercise of its enforcement power under Section 5 of the Fourteenth Amendment, which requires "congruence and proportionality between the injury to be prevented or remedied and the means adopted to that end." *Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 728 (2003). Section 5 authorizes abrogation only insofar as the legislation reaches conduct the Fourteenth Amendment actually proscribes. *Allen v. Cooper*, 589 U.S. 248 (2020). For Title II, abrogation is not categorical; it is determined claim by claim, asking which alleged conduct violated Title II, to what extent that conduct also violated the Fourteenth Amendment, and whether abrogation is valid as to conduct that violated Title II but not the Constitution. *United States v. Georgia*, 546 U.S. 151, 159 (2006); accord *Kohn v. State Bar of Cal.*, 119 F.4th 693 (9th Cir. 2024).

The Supreme Court has sustained Title II's abrogation of immunity only "as it applies to the class of cases implicating the fundamental right of access to the courts." *Tennessee v. Lane*, 541 U.S. 509, 533 (2004). Plaintiff's claim is not of that class. She does not allege that she was denied access to, or the ability to participate in, any proceeding of the Superior Court. She alleges instead that she disagreed with the substance of the custody, therapy, and visitation determinations the Superior Court made. That conduct falls outside the court-access class *Lane* validated, and the SAC alleges no independent Fourteenth Amendment violation: the Due Process Clause protects a parent's interest in the care, custody, and control of a child, but it guarantees no particular custody or visitation outcome. *Troxel v. Granville*, 530 U.S. 57, 66 (2000). Because the conduct alleged neither falls within *Lane's* class nor independently violates the Fourteenth Amendment, Congress did not validly

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

abrogate the Superior Court's immunity as to the First Cause of Action, and that claim is barred.

## IV.

## THE FIRST AND SECOND CAUSES OF ACTION FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

A complaint must be dismissed if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint will be dismissed for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and legal conclusions cast as fact, are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Plaintiff's claims fail this standard for several independent reasons.

First, the conduct Plaintiff challenges is not a "service, program, or activity" from which she was excluded. Title II prohibits a public entity from excluding a qualified individual with a disability from participation in, or denying her the benefits of, "the services, programs, or activities of a public entity," or otherwise discriminating against her "by reason of such disability." 42 U.S.C. § 12132. Section 504 imposes a materially identical prohibition on programs receiving federal financial assistance. 29 U.S.C. § 794. To state a claim, a plaintiff must allege that she is a qualified individual with a disability, that she was excluded from or denied the benefits of a public entity's services, programs, or activities or otherwise discriminated against, and that the exclusion, denial, or discrimination was by reason of her disability. *Weinreich v. L.A. Cnty. Metro. Transp. Auth.*, 114 F.3d 976,

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

978 (9th Cir. 1997). These statutes secure access to and participation in a public entity's programs; they are not a vehicle to review the substance of a court's adjudicative determinations. California courts have held that proceedings of this kind "are not services, programs, or activities within the meaning of title II of the ADA." *In re Anthony P.*, 84 Cal. App. 4th 1112, 1116 (2000). Where Title II does reach a court's operations, it does so to secure a disabled person's meaningful participation in the proceeding, as by granting an accommodation that allows her to be heard. See *In re Marriage of James & Christine C.*, 158 Cal. App. 4th 1261 (2008) (family court erred in denying a disabled litigant's request for a continuance as an accommodation). Plaintiff does not allege that she was denied any accommodation needed to participate in a proceeding. Her grievance, recast in disability-law terms, is that she was ordered into an evaluation, into therapy, and into visitation, and that the Superior Court would not change those determinations. (SAC ¶¶ 37, 49-52.) That is a challenge to the content of the court's adjudicative decisions, and it does not state a claim under Title II or Section 504.

Second, Plaintiff does not plead that any exclusion or denial occurred by reason of her disability. A public entity does not discriminate on the basis of disability where the challenged action rests on something other than the disability, and the duty to provide a reasonable accommodation arises only where the challenged policy discriminates on the basis of disability. *Weinreich*, 114 F.3d at 978-79. Under Section 504, the exclusion must be "solely by reason of" disability. 29 U.S.C. § 794. Plaintiff's own allegations show that the Superior Court and its appointees acted on their assessment of her conduct and the children's circumstances in the custody matter, not on her disability. The allegation that her symptoms were treated as "negativity" and that contact with her father continued (SAC ¶¶ 49-50, 58) describes a clinical and custody judgment about the best interests of the child, not an exclusion imposed because of a disability. The SAC therefore fails to plead the required causal connection.

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

Third, the only modification Plaintiff identifies as denied would fundamentally alter the adjudicative function and is not a reasonable modification Title II requires. A public entity must make reasonable modifications in its policies, practices, or procedures to avoid discrimination on the basis of disability, "unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7). Title II requires only reasonable modifications that "would not fundamentally alter the nature of the service provided." *Tennessee v. Lane*, 541 U.S. at 532. The sole modification the SAC identifies as denied is that Plaintiff "not be required to have contact with" her father. (SAC ¶¶ 52, 58.) That is not a request to change how a service is delivered; it is a demand that the Superior Court reach a different substantive result in its custody and visitation determination. Requiring a court to enter a particular custody or visitation order as a disability accommodation would subordinate the best-interests determination to the accommodation request and would fundamentally alter the adjudicative function itself. Title II does not require it.

Fourth, Plaintiff cannot recover damages because she does not plead intentional discrimination by the Superior Court. Compensatory damages under Title II and Section 504 are unavailable absent intentional discrimination, which in this Circuit is shown through deliberate indifference. That standard requires both knowledge that a harm to a federally protected right is substantially likely and a failure to act upon that likelihood, and the requisite knowledge and failure must be those of an official of the public entity with authority to institute corrective measures. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001) (en banc). The SAC attributes knowledge of Plaintiff's condition and need for accommodation to the court-appointed evaluator and to Defendant Galindo (SAC ¶¶ 40, 46, 53), not to any official of the Superior Court with authority to act, and that knowledge is not imputed to the entity. The defect is compounded on the First

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

Cause of Action, which incorporates only paragraphs 1 through 50 (SAC ¶ 55) and thus does not even incorporate the deliberate-indifference allegations pleaded at paragraphs 52 and 53. Punitive damages are, in any event, unavailable under Title II and Section 504. *Barnes v. Gorman*, 536 U.S. 181, 189 (2002). Plaintiff therefore cannot recover the damages she seeks.

**V.**

**LEAVE TO AMEND SHOULD BE DENIED**

A motion to dismiss is properly granted without leave to amend where the plaintiff cannot cure the basic flaw in the complaint and further amendment would be futile. *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002); *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983). Here, amendment would be futile. The *Rooker-Feldman* bar is jurisdictional and cannot be repleaded around. The Eleventh Amendment defect turns on the nature of the conduct alleged, not on any missing fact. And the pleading defect is structural: Plaintiff's grievance is with the substance of the Superior Court's custody, therapy, and visitation orders, which Title II and Section 504 do not reach, and no additional allegation can convert a challenge to the content of those orders into a cognizable denial of access to a service, program, or activity. Plaintiff has already amended her complaint twice. Her remedy for any error in the family law orders lies in the state appellate system, not in a federal damages action. Leave to amend should be denied.

**VI.**

**CONCLUSION**

For the foregoing reasons, the Superior Court respectfully requests that the Court grant this motion and dismiss the First and Second Causes of Action of the Second Amended Complaint in their entirety, with prejudice and without leave to amend.

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

Dated: October 22, 2026

**CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOC., P.C.**

By: /s/ Paul Leonidas Lin
Sarah L. Overton, Esq.
Paul Leonidas Lin, Esq.
Attorneys for Defendant
Superior Court of California,
County of Orange

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Superior Court of California, County of Orange, certifies that this brief contains 2,698 words, which complies with the word limit of L.R. 11-6.1.

Executed October 22, 2026, at Riverside, California.

/s/ Paul Leonidas Lin
Paul Leonidas Lin, Esq.

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

# PROOF OF SERVICE

I, the undersigned, declare as follows:

I am employed in the County of Riverside, State of California. I am over the age of 18 years, and not a party to the within action. I am an employee of or agent for Cummings, McClorey, Davis, Acho & Associates, P.C., 3801 University Avenue, Suite 560, Riverside, California 92501.

I hereby certify that on October 22, 2026, I electronically filed the foregoing **NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**, with the Clerk of the Court by using the CM/ECF system. I certify that participants in the case that are registered CM/ECF users will receive service that will be accomplished by the CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by USPS, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Gabriella Black
6 Eric St
Mission Viejo, CA 92694

Executed on October 22, 2026, in Riverside, California. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

/s/ Charmaine Apacible
Charmaine Apacible

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405