FILED
CLERK, U.S. DISTRICT COURT
11/24/2026
CENTRAL DISTRICT OF CALIFORNIA
BY cld DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

Plaintiff Gabriella Black
6 Eric St
Mission Viejo, CA 92694
(480) 259-8288
supremeg008@gmail.com
PLAINTIFF PRO SE

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| GABRIELLA BLACK,<br><br>Plaintiff,<br><br>v.<br><br>MAXIMILLIAN ZANCK, AKA MAXIMILLIAN ELIJAH, AKA DUSTIN BRYANT ZANCK.BLACK, AKA MAX ZANCK, et al.,<br><br>Defendants. | CASE NO. 25-CV-01217-JLS-RAO<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT COURT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Hearing Date: December 2, 2026<br>Time: 10:00 a.m.<br>Courtroom: 590, 5th Floor<br>Magistrate Judge Rozella A. Oliver |

TO THE HONORABLE ROZELLA A. OLIVER, UNITED STATES MAGISTRATE JUDGE, AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff GABRIELLA BLACK submits this opposition to the Motion to Dismiss the Second Amended Complaint filed by Defendant Superior Court of California, County of Orange (Dkt. 120). The opposition is based on the following

Memorandum of Points and Authorities, the pleadings and records on file, and any argument the Court permits at the hearing.

To the extent this opposition is untimely under L.R. 7-9, Plaintiff, who is self-represented, respectfully asks the Court to consider it. The opposition was intended to be filed on November 23, 2026, together with Plaintiff's request for leave to file the proposed Third Amended Complaint, but it was inadvertently left out of the electronic upload that night. Plaintiff does not object to a reasonable extension of Defendant's reply deadline or a continuance of the hearing if the Court finds either appropriate.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Superior Court of California, County of Orange ("Court") moves to dismiss the Second Amended Complaint ("SAC") on three grounds: Rooker-Feldman, Eleventh Amendment immunity, and failure to state a disability discrimination claim. None of them succeeds.

This Court has already held that Rooker-Feldman does not apply to Gabriella, and that ruling governs here. The Eleventh Amendment does not bar her disability claims, because California waived its immunity to Section 504 claims by accepting federal funds, and because Title II validly abrogates immunity in cases that involve access to the courts. And the SAC alleges each element of a Title II and Section 504 claim: a disability, a court-run program, modifications that were denied, and a Court that knew of the problem and did nothing.

If the Court finds any part of the SAC deficient, Gabriella asks for leave to amend. Her proposed Third Amended Complaint ("TAC") addresses each point the Court raises.

## II. LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain enough factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). A document filed pro se is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a court dismisses a complaint, it should grant leave to amend unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

## III. ARGUMENT

### A. This Court Has Already Ruled That Rooker-Feldman Does Not Apply to Gabriella, and That Ruling Is the Law of the Case

Magistrate Judge Oliver's Amended Report and Recommendation addressed this doctrine directly:

> Here, Plaintiff is the daughter of the parties in the state court action, Black v. Black. As a non-party, Plaintiff has no ability to exhaust the appellate process to California's highest court. Moreover, Plaintiff is not challenging any final custodial determinations in the state court proceeding. The Court declines to apply Rooker-Feldman.

(Dkt. 119 at 11:1-5.) Judge Staton adopted that ruling. (Dkt. 120.) Under the law of the case doctrine, a court is generally precluded from reconsidering an issue that it has already decided in the same case. *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993). Absent a showing that the facts or the law have changed, the question should not be revisited. The TAC pleads the ruling at paragraph 19. The Rooker-Feldman argument should be rejected.

### B. The Eleventh Amendment Does Not Bar Gabriella's Disability Claims

#### 1. California Waived Its Immunity to Section 504 Claims by Accepting Federal Funds

Congress provided that "[a] State shall not be immune under the Eleventh Amendment . . . from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973." 42 U.S.C. § 2000d-7(a)(1). The Ninth Circuit has held that this language conditions federal Rehabilitation Act funds on a State's waiver of immunity, and that California waived its immunity to Section 504 claims by accepting those funds. *Douglas v. California Dep't of Youth Auth.*, 271 F.3d 812, 820-21 (9th

Cir. 2001), as amended, 271 F.3d 910; *Clark v. California*, 123 F.3d 1267, 1271 (9th Cir. 1997).

Gabriella alleges that the Court is a public entity that receives federal financial assistance. (SAC ¶¶ 10, 64; TAC ¶¶ 38, 250.) That allegation must be accepted as true at this stage. Whatever immunity the Court may enjoy as an arm of the State, it does not extend to the Section 504 claim.

**2. Title II Validly Abrogates Immunity in Cases Involving Access to the Courts**

In *Tennessee v. Lane*, 541 U.S. 509, 533-34 (2004), the Supreme Court held that Title II of the ADA validly abrogates state sovereign immunity as it applies to the class of cases implicating the fundamental right of access to the courts. See also *United States v. Georgia*, 546 U.S. 151, 159 (2006) (Title II abrogates immunity for conduct that actually violates the Fourteenth Amendment).

Gabriella's claim falls within *Lane*. Title II reaches anything a public entity does. *Barden v. City of Sacramento*, 292 F.3d 1073, 1076 (9th Cir. 2002). The custody proceedings in the Family Case, including the counseling and evaluation the Court ordered as part of them, are services, programs, or activities of the Court. (SAC ¶¶ 30, 36-37, 56; TAC ¶ 250.) The Court ordered Gabriella into counseling, placed control of it with Galindo, and excluded her from meaningful participation in the proceedings that decided her care. (SAC ¶¶ 37, 58; TAC ¶¶ 251, 256.) Her claim is about access to, and fair treatment in, a court proceeding. That is the class of cases *Lane* addressed, and the SAC pleads this ground expressly. (SAC ¶ 59.)

**C. The SAC States a Claim Under Title II and Section 504**
**1. The Elements**

To state a claim under Title II, a plaintiff must allege that (1) she is an individual with a disability; (2) she is otherwise qualified to participate in or receive the benefit of a public entity's services, programs, or activities; (3) she was excluded from participation in or denied the benefits of those services, programs, or activities, or was

otherwise discriminated against by the public entity; and (4) the exclusion, denial, or discrimination was by reason of her disability. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001); 42 U.S.C. § 12132. Section 504 adds the requirement that the program receive federal financial assistance. *Duvall*, 260 F.3d at 1135. Gabriella alleges each element. (SAC ¶¶ 56-58, 60, 64-65.)

**2. Gabriella's Post-Surgical Condition Was a Disability**

On April 10, 2019, Gabriella underwent surgery to correct a life-threatening condition. (SAC ¶ 41; TAC ¶ 103.) Eight days later she arrived at her court-ordered session in a wheelchair because of post-operative complications. (SAC ¶ 46; TAC ¶ 104.) Her condition substantially limited walking, lifting, sleeping, and the use of her arms, and she used a wheelchair for about a month. (SAC ¶¶ 41, 44; TAC ¶¶ 107, 249.) Those are major life activities. 42 U.S.C. § 12102(2)(A). The SAC also alleges that Kaiser psychiatrists diagnosed her with post-traumatic stress disorder, depression, and anxiety, which substantially limit her ability to sleep, eat, concentrate, and learn. (SAC ¶¶ 43-44.)

That the condition was temporary does not defeat the claim. The effects of an impairment lasting or expected to last less than six months can be substantially limiting. 28 C.F.R. § 35.108(d)(1)(ix).

**3. Court-Ordered Counseling Was the Court's Program, Not Galindo's**

To the extent the Court contends that any harm came from Galindo rather than from the Court, the argument fails. A public entity may not discriminate on the basis of disability "directly or through contractual, licensing, or other arrangements." 28 C.F.R. § 35.130(b)(1). The Court ordered the counseling, chose to place it in Galindo's hands, and kept her in place. (SAC ¶¶ 30, 35-37, 56; TAC ¶¶ 251-252, 254.) The Court cannot avoid its obligations by assigning a court-ordered program to a private professional.

What Galindo did in running that program is the Court's responsibility under Title II and Section 504. (SAC ¶ 56; TAC ¶ 252.)

**4. The Court Denied Reasonable Modifications That Would Have Cost Nothing**

The Court argues that the only modification the SAC identifies is that Gabriella "not be required to have contact with" her father, and that such a modification would fundamentally alter the program. (Dkt. 120 at 12:3-10; see SAC ¶¶ 52, 58.) That reads the pleading too narrowly. The SAC alleges that sessions were not rescheduled or shortened, that Gabriella was not allowed to continue with the domestic-violence counselor she was already seeing, and that her physicians' advice was not acted on. (SAC ¶ 52; see SAC ¶¶ 39, 41.) It also alleges that Gabriella asked to reschedule the April 18, 2019 session because she was exhausted and in pain, and that the request was refused. (SAC ¶ 46.)

The modifications Gabriella needed were modest. The April 18, 2019 session could have been postponed until she healed. She could have attended without Zanck present. She could have stayed in her wheelchair instead of being made to stand and walk out, after which she collapsed, shaking and vomiting. And her treating physicians' advice about visits could have been followed. (SAC ¶¶ 46-47, 52; TAC ¶¶ 106, 253.) None of these would have changed the nature of court-ordered counseling. A public entity must make reasonable modifications unless it can show they would fundamentally alter the nature of the program. 28 C.F.R. § 35.130(b)(7)(i). Whether a modification is reasonable, or would cause a fundamental alteration, is ordinarily a question of fact that cannot be resolved against Gabriella on a motion to dismiss.

Nor is any court order to the contrary alleged. No order in the Family Case required Gabriella to be in the same room as her father during counseling, to leave her wheelchair, or to attend a session days after surgery. The evaluator's own letters described Galindo's role as individual therapy, not joint sessions with Zanck. (SAC ¶ 31; TAC ¶¶ 104, 106.)

**5. The Court Knew and Did Not Act**

A plaintiff seeking damages under Title II or Section 504 must show intentional discrimination, which may be shown by deliberate indifference. *Duvall*, 260 F.3d at 1138. Deliberate indifference requires knowledge that a harm to a federally protected right is substantially likely and a failure to act upon that likelihood. *Id.* at 1139. When a plaintiff has alerted the public entity to her need for accommodation, or the need is obvious, the entity is on notice. *Id.*

The SAC and the TAC both allege that notice. Gabriella's Kaiser physician wrote on April 9, 2019 that visits with her father were causing her severe distress, nausea, and vomiting, and Mother gave that note to Cater, the Court's appointed evaluator. (SAC ¶¶ 40, 53; TAC ¶¶ 102, 253.) Galindo was told of the surgery before the April 18 session and saw Gabriella arrive in a wheelchair. (SAC ¶¶ 46, 53.) Mother reported Gabriella's collapse to Galindo. (TAC ¶ 106.) The Court knew of Gabriella's condition and of the professionals' conduct through the judicial officer who appointed and supervised them and through the filings in the Family Case. (SAC ¶ 53; TAC ¶ 254.) It had authority to correct that conduct. Instead, on May 8, 2019, it enlarged Galindo's role, and it later denied Mother's request to remove her. (SAC ¶ 36; TAC ¶¶ 148, 254.) The Court also has no procedure for a child or parent to request a modification in court-ordered counseling. (TAC ¶ 255.) Those allegations describe knowledge and a failure to act.

**D. If the Court Finds Any Defect, It Should Grant Leave to Amend**

Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Absent prejudice or a strong showing of bad faith, undue delay, or futility, there is a presumption in favor of granting leave. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Gabriella is self-represented. Her proposed TAC pleads the prior Rooker-Feldman ruling (TAC ¶ 19), the Court's receipt of

federal funds (TAC ¶¶ 38, 250), the facts of her disability and the denied modifications (TAC ¶¶ 103-107, 249-253), and the Court's knowledge and failure to act (TAC ¶¶ 254-256). Amendment would not be futile.

## IV. CONCLUSION

Gabriella respectfully requests that the Court deny the motion to dismiss. In the alternative, she requests leave to file the proposed Third Amended Complaint.

DATED: November 24, 2026

Respectfully submitted,

GABRIELLA BLACK, Plaintiff pro se

## CERTIFICATE OF COMPLIANCE

The undersigned, a self-represented party, certifies that this brief contains 2,071 words, which complies with the word limit of L.R. 11-6.1.

DATED: November 24, 2026

GABRIELLA BLACK, Plaintiff pro se

## DECLARATION OF PROOF OF ELECTRONIC SERVICE

I, CHRISTIENNE BLACK, declare the following:

1. I am a resident of Orange County, over the age of 18, and the mother of Gabriella Black, the plaintiff in this case.

2. On November 24, 2026, I served "PLAINTIFF'S OPPOSITION TO DEFENDANT COURT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT."

3. I served the attorneys and party named below by email at their email addresses listed on the docket of this lawsuit:

Attorney for Defendant Superior Court of California, County of Orange
PLin@cmda-law.com

David Samani, Attorney for Defendant Dolnick
David.Samani@lewisbrisbois.com

E. Schumann, Attorney for Defendant Galindo
Eschumann@ctsclaw.com

A. Martinez, Attorney for Defendant Galindo
amartinez@ctsclaw.com

Jim Rogers, Attorney for Defendant White
Jrogers@jrrlaw.net

Michael Meyers, Attorney for Defendants Zanck
michael@mhmyerslaw.com

Defendant Cater, at her email address
Ccnish1@aol.com

I declare under penalty of perjury that the foregoing is true and correct. Executed this 24th day of November 2026 in Ladera Ranch, California.

CHRISTIENNE BLACK